

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00413-CR

_____

JAMES LEWIS MCGRUDER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 6939, Counts I, II, III, IV & V, Honorable Ron Enns, Presiding

June 9, 2026

OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, James Lewis McGruder, appeals from his convictions for several offenses and the resulting sentences imposed against him.[1] Through two issues, Appellant contends the trial court erred when 1) it denied his motion for a sanity evaluation

---

[1] Appellant was convicted of the following offenses and sentenced as indicated:

1) misdemeanor assault, 365 days in county jail and $1,000 fine;
2) burglary of a habitation, 15 years in TDCJ-ID and $5,000 fine;
3) burglary of a habitation with intent to commit aggravated assault, life in TDCJ-ID and $10,000 fine;
4) aggravated assault, life in TDCJ-ID and $10,000 fine;
5) burglary of a habitation, life in TDCJ-ID and $10,000 fine.

and motion for continuance; and 2) it denied him the ability to address issues of competency during trial. We affirm the judgment of the trial court.

## BACKGROUND

In August 2022, Appellant was arrested after a prolonged criminal episode in which he entered multiple homes without permission, took vehicles that did not belong to him and that he did not have permission to use, and assaulted and injured people. Appellant was arrested and subsequently charged with 11 criminal offenses all stemming from this episode.

Appellant was found to be indigent and counsel was appointed to represent him against the charges. Counsel requested a competency and sanity examination. An initial competency examination was conducted in December 2022. Dr. Gina Matteson concluded Appellant suffered from a mental illness that rendered him incompetent to stand trial. No sanity examination was conducted at that time due to said incompetency. Appellant was transferred to a state hospital where he underwent a competency restoration process. By May 2024, Appellant was deemed competent to stand trial but continued to suffer from schizoaffective disorder-bipolar type that required medication to manage.

Appellant was held in custody while awaiting trial. In July 2024, the trial court appointed Dr. Timothy Nyberg to conduct a sanity evaluation because the previously requested evaluation was never conducted. However, when Nyberg attempted to conduct that examination, Appellant objected and refused to participate.

2

Counsel who was initially appointed to represent Appellant was subsequently replaced by another attorney, who withdrew from representation on October 24, 2024. Another attorney represented appellant thereafter.[2] That attorney filed a notice of insanity defense,[3] a motion for appointment of a disinterested expert to evaluate Appellant's sanity,[4] and a motion for continuance to allow time for the evaluation and report.[5] Those motions were filed on November 6, 2024, and trial was set for December 3, 2024. The trial court held a hearing on the motions after which it denied Appellant's motion for continuance.

The trial began on December 3, 2024. During its opening argument, the State argued that Appellant told arresting officers that he was "mentally incompetent" as a means to "game the system." When Appellant argued that he had, in fact, been incompetent, the State objected on relevance grounds and the trial court sustained the objection. At the conclusion of the trial, the jury found Appellant guilty of a lesser-included misdemeanor assault charge on Count One but found him guilty as charged as to the remaining counts that were submitted. Appellant timely filed the instant appeal.

---

[2] It appears from the record that Appellant's family retained counsel for him. There is no indication Appellant's indigency status changed.

[3] *See* TEX. PENAL CODE § 8.01; TEX. CODE CRIM. PROC. art. 46C.051.

[4] *See* TEX. CODE CRIM. PROC. art. 46C.101.

[5] A prior motion for continuance had been filed and granted to allow previous counsel time to review videos. The State argues that counsel did not mention the insanity defense or the need for time to have a sanity evaluation conducted in this first motion. We note the State's contention is accurate.

**ISSUE ONE: DENIAL OF CONTINUANCE AND SANITY EVALUATION**

By his first issue, Appellant contends the trial court abused its discretion when it denied his motion for sanity evaluation and motion for continuance. In the alternative, Appellant contends that counsel's failure to ensure that a sanity evaluation occurred constituted ineffective assistance of counsel. We overrule the issue.

Denial of Continuance and Sanity Evaluation

"When a defendant demonstrates that sanity will be an issue at trial, due process requires that the State 'assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense.'" *Lighteard v. State*, 982 S.W.2d 532, 533 (Tex. App.—San Antonio 1998, pet. ref'd) (quoting *Ake v. Okla.*, 470 U.S. 68, 83, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985)). Stated another way, a defendant's entitlement to an expert to assist him in his defense is dependent on the defendant's demonstration that sanity will be a significant factor at trial. *See De Freece v. State*, 848 S.W.2d 150, 159 (Tex. Crim. App. 1993) (en banc) ("Once it is shown that insanity will be a significant factor at trial, the trial court abuses its discretion in failing to appoint . . . a competent psychiatrist to assist in the evaluation, preparation[,] and presentation of his insanity defense."); *Arausa v. State*, No. 07-02-00396-CR, 2003 Tex. App. LEXIS 6752, at *5 (Tex. App.—Amarillo Aug. 6, 2003, no pet.) (per curiam) (to establish entitlement to assistance of expert, defendant generally obligated "to disclose his defensive theory to the trial court and support it with factual allegations and/or evidence as to why and how expert testimony would aid in the proper presentation of that theory"); *Norton v. State*, 930 S.W.2d 101, 110 (Tex. App.—Amarillo

4

1996, writ ref'd) (to be entitled to expert to assist in defense, defendant must make "required threshold showing that his sanity was likely to be a significant factor at trial"). This Court has held that "in order to invoke the right to appointed psychiatric help at the threshold, a defendant must make a preliminary showing that the question as to his sanity is one with merit undergirded with evidentiary support." *Day v. State*, 704 S.W.2d 438, 440 (Tex. App.—Amarillo 1986, no writ).

However, in the present case, Appellant's motion for sanity examination requested the appointment of a *disinterested* expert to examine Appellant regarding his sanity at the time of the offenses.[6] Such a request is distinguishable from a request for an expert to aid the defense. We will refer to the appointment of a disinterested expert as a "statutory expert." *See* TEX. CODE CRIM. PROC. art. 46C.101(a) (authorizing appointment of expert when "notice of intention to raise the insanity defense is filed"). The appointment of a statutory expert is within the trial court's discretion. *Caldwell v. State*, 696 S.W.2d 606, 608 (Tex. App.—Beaumont 1985, writ ref'd) (addressing prior statute authorizing appointment of disinterested expert); *see also* TEX. CODE CRIM. PROC. art. 46C.101(a) (if notice of insanity defense filed, the court "may" appoint disinterested expert). However, this Court has stated that, "a preliminary examination by the statutory expert as provided by the statute is nearly always necessary." *Norton*, 930 S.W.2d at 111. The statutory expert does not fulfill the role of psychiatric assistant to an indigent defendant but "may

---

[6] We note that, at no point, did Appellant request the appointment of a psychiatric expert to aid in his defense. *See Arausa*, 2003 Tex. App. LEXIS 6752, at *6–7 & n.5 (defendant's request for disinterested expert did not raise issue of appointment of expert to aid in defense).

5

well serve an important function in identifying whether sanity will be a significant factor at trial." *De Freece*, 848 S.W.2d at 159.

In the present case, the trial court appointed a statutory expert twice. In December of 2022, Appellant was determined to be incompetent to stand trial, so a sanity evaluation was precluded. *See* TEX. CODE CRIM. PROC. art. 46C.103(b) (prohibiting concurrent evaluation of sanity if defendant determined to be incompetent to stand trial). Once Appellant's competency was restored, the trial court appointed Dr. Timothy Nyberg to perform a psychiatric evaluation of Appellant to determine his sanity at the time of the offenses. Nyberg attempted to perform this evaluation on August 13, 2024, but Appellant refused to participate in the examination. Two different explanations for Appellant's refusal are identified in the record. According to Nyberg, Appellant refused to participate without first speaking to his counsel because he did not approve of Nyberg providing a detailed account of the examination to the trial court and district attorney.[7] At the October 1, 2024 hearing on Appellant's motion for continuance, Appellant's counsel explained that Appellant refused to submit to Nyberg's examination because he objected to questioning regarding Appellant's state of mind while he was committing the charged offenses because the questions were "assuming that he did commit the offenses, and his position is he did not."[8] The record contains no further explanation as to why Appellant refused

---

[7] "When a defendant asserts the insanity defense and introduces supporting psychiatric testimony, his silence may deprive the State of the only effective means it has of controverting his proof on an issue that he interjected into the case . . ." and therefore the defendant may be ordered to submit to a sanity examination conducted by a statutory expert. *Estelle v. Smith*, 451 U.S. 454, 465, 101 S. Ct. 1866, 68 L. Ed. 2d 359 (1981).

[8] Appellant contends that the record does not establish that Appellant's counsel consulted with him about the sanity evaluation and what it entailed. However, Appellant's briefing does not address counsel's direct statement that Appellant refused to participate in the sanity examination because it was his position that he did not commit the charged offenses.

to submit to Nyberg's examination. We conclude that the explanations for Appellant's refusal to participate in Nyberg's sanity evaluation illustrate that Appellant made a knowing and voluntary waiver of any right to a sanity evaluation which might have attached. *See Norton*, 930 S.W.2d at 110 (record showing competent counsel who advised a strategy inconsistent with insanity defense and defendant's agreement with that strategy shows a knowing and voluntary waiver of known rights).

The trial court's appointment of Nyberg implies that it made the initial determination that Appellant presented enough evidence to entitle him to a sanity evaluation by a statutory expert. However, when a trial court determines that a statutory expert should be appointed to conduct a sanity evaluation, it need only appoint a statutory expert and make the defendant available to the expert. *See Day*, 704 S.W.2d at 441 (appointment of statutory expert and subsequent evaluation met trial court's responsibility). Because in the present case the trial court fulfilled its obligations and it was Appellant who refused to participate in the examination, we conclude that the trial court did not abuse its discretion in denying Appellant's last request for a sanity evaluation. *See Caldwell*, 696 S.W.2d at 608 (appointment of statutory expert is within trial court's discretion).

As to the trial court's denial of Appellant's request for continuance, we again assess the trial court's ruling under an abuse of discretion standard. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). In light of Appellant's refusal to participate in the sanity examination ordered by the trial court, we conclude that the trial court did not abuse its discretion in denying Appellant's continuance request to enable a sanity evaluation of Appellant. *See Norton*, 930 S.W.2d at 109 ("Instead of submitting to the properly ordered examination by the court-appointed psychiatrist and thereby attempting

7

to make a threshold showing, appellant withdrew his plea of insanity, thereby waiving any error that may have resulted from the trial court's failure to appoint a partisan expert.").

Having determined that the trial court properly discharged its responsibility of appointing an expert and making Appellant available for a sanity evaluation, we conclude that the trial court did not abuse its discretion by refusing to continue the trial to allow for a sanity evaluation that Appellant had previously refused.

Ineffective Assistance of Counsel

Appellant also argues, in the alternative, that Appellant's failure to obtain a pretrial determination of his sanity at the time of the offense was the result of ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Rylander v. State*, 101 S.W.3d 107, 109–10 (Tex. Crim. App. 2003) (en banc). The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness, and the second prong requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). We begin our *Strickland* analysis with the presumption that counsel was competent and that his decisions "fell within the wide range of reasonable professional assistance." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *see Strickland*, 466 U.S. at 689 (establishing presumption that actions "might be considered sound trial strategy"). An appellant must affirmatively

8

"prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission" to overcome that presumption and succeed on the first *Strickland* prong. *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002); *see also Landers v. State*, 110 S.W.3d 617, 622 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (noting sound trial strategy presumption "cannot be overcome absent evidence in the record of the attorney's reasons for his conduct"). "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002) (en banc).

Appellant contends that "the failure of prior defense counsel . . . to expediently ensure a sanity examination was performed . . . resulted in the issue of [Appellant's] sanity to not be fully investigated." However, Appellant did not develop a record explaining why prior counsel may not have pursued a sanity evaluation. In fact, as addressed above, the record reflects that prior counsel employed the strategy of denying that Appellant committed any of the charged offenses. That another attorney might have pursued a different strategy at trial does not establish that counsel's representation was ineffective unless the chosen strategy lacked any plausible professional justification. *Kuhns v. State*, No. 03-00-00818-CR, 2002 Tex. App. LEXIS 2214, at *13 (Tex. App.—Austin Mar. 28, 2002, no pet.); *see Rivera v. State*, 405 S.W.3d 729, 735 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (mem. op., not designated for publication) ("An accused is not entitled to errorless or perfect counsel."). Appellant does not contend that prior counsel's strategy was unjustifiable, and we cannot find that it fell below the wide range of professional

9

norms. Consequently, we overrule Appellant's alternative contention that his prior counsel's representation was ineffective.

We overrule Appellant's first issue.

### ISSUE TWO: EXCLUSION OF COMPETENCY EVIDENCE

By his second issue, Appellant contends that the trial court abused its discretion when it denied him the ability to address issues of his competency during the trial.

Appellate courts review a trial court's ruling regarding the admission or exclusion of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). Under that standard, a trial court's ruling will only be deemed an abuse of discretion if it is so clearly wrong as to lie outside "the zone of reasonable disagreement," *id*., or if it is "arbitrary or unreasonable," *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

Error in the admission or exclusion of evidence is generally reviewed for non-constitutional error. *Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007). The exception is when evidence offered by the defendant is erroneously excluded and that evidence is so vital to the defendant's theory of the case that it effectively prevents the defendant from presenting a defense. *Id*. An appellate court must disregard a non-constitutional error that does not affect the defendant's substantial rights. TEX. R. APP. P. 44.2(b). If, after examining the record as a whole, we have fair assurance the error did not influence the jury, or influenced the jury only slightly, we will not reverse a conviction.

10

*Cook v. State*, 665 S.W.3d 595, 599 (Tex. Crim. App. 2023). We will only reverse a conviction for non-constitutional error if we have "grave doubt" about whether the result of the trial was substantially influenced by the error. *Barshaw v. State*, 342 S.W.3d 91, 94 (Tex. Crim. App. 2011). A "grave doubt" exists when, "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *Id.*

We note that, in Texas, the issue of a defendant's competency to stand trial and the affirmative defense of insanity are distinct legal concepts, governed by separate standards and procedures. *See Manning v. State*, 730 S.W.2d 744, 747–48 (Tex. Crim. App. 1987) (en banc) (discussing the differences). A competency examination evaluates whether a defendant has the mental capacity to understand the proceedings and assist in his defense at the time of trial, while a sanity evaluation determines whether the defendant was legally insane at the time of the offense. *Id.* While the two may overlap to some degree, the standards and uses of each differ. *Id.*

In its opening argument, the State argued that Appellant's response to being read his *Miranda* rights that he was "mentally incompetent" was evidence of Appellant trying to "game the system." Appellant, during his opening argument stated that, "[w]hat you're going to learn about during this trial is that [Appellant], at one time, was found to be incompetent." The State objected to Appellant's reference to his competency as irrelevant. After Appellant argued that the State had opened the door in its opening argument, the trial court sustained the State's objection. Subsequently, the trial court sustained the State's relevancy objection to testimony from Dr. Gina Matteson about the competency evaluation she performed on Appellant in December of 2022. The record

reflects that the trial court specifically authorized Appellant to inquire into Matteson's opinion regarding Appellant's mental health. Notably, even after the trial court expressly indicated that Appellant could make an offer of proof regarding how Matteson would have testified, Appellant did not make such an offer.[9] Consequently, the competency evidence that was excluded by the trial court is only that Appellant was determined to be incompetent to stand trial in December of 2022.

Considering the scope of the excluded evidence, even if we were to assume that the trial court abused its discretion in excluding it, we cannot conclude that this evidence was so vital to the defendant's theory of the case as to effectively prevent him from presenting his defense.[10] *Walters*, 247 S.W.3d at 219. After examining the record as a whole, we cannot conclude that the exclusion of evidence that Appellant was deemed incompetent in 2022 so influenced the jury as to raise grave doubts about whether Appellant was afforded a fair trial. *Cook*, 665 S.W.3d at 599; *Barshaw*, 342 S.W.3d at 94. Consequently, we find the exclusion of this evidence to be harmless.

We overrule Appellant's second issue.

---

[9] Appellant did make a bill of exception, providing that,

Dr. Matteson testified yesterday, and this Court instructed [d]efense counsel not to mention competency evaluation or a determination of competency through Dr. Matteson. Had she been allowed, Dr. Matteson would have testified in detail how a competency examination is fully conducted and how her evaluation was conducted with respect to Mr. McGruder and her findings that Mr. McGruder, at one point, was incompetent.

[10] We are aware that Appellant couches his issue in terms of being denied the ability to present his defense. But, since the record does not reflect the precise nature of the excluded evidence beyond that Appellant was determined to be incompetent in December of 2022, the record as a whole does not reflect that the excluded evidence prevented Appellant from presenting his defense. *Walters*, 247 S.W.3d at 219.

**CONCLUSION**

Having overruled both of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Chief Justice

Publish.